IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. CLARK,

        Petitioner,

v.                                            Civil Action No. 5:05CV147
                                            Criminal Action No. 5:04CR9-09
UNITED STATES OF AMERICA,         (JUDGE STAMP)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED AS TO TWO GROUNDS, SETTING AN
EVIDENTIARY HEARING ON GROUND ONE, APPOINTING COUNSEL FOR THE
EVIDENTIARY HEARING AND PROVIDING THAT COUNSEL, PARTIES AND
WITNESSES MORE THAN 40 MILES FROM THE WHEELING POINT OF HOLDING
COURT MAY APPEAR BY VIDEO OR TELEPHONE CONFERENCING**

## I. INTRODUCTION

On September 8, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response January 12, 2006.

## II. FACTS

**A**. **Conviction and Sentence**

On June 15, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 32, aiding and abetting the possession with intent to distribute in excess of 500 grams of cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2. In the plea agreement, the parties stipulated to total drug relevant conduct of between two (2) kilograms and three and one-half (3.5) kilograms of cocaine. The parties further agreed to a two (2) level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Additionally, the petitioner waived his right to appeal and to collaterally

attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 11. Mr. Clark is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, if the Court finds that the applicable guideline is 30 or less then the defendant knowingly and voluntarily waives the right to appeal any sentence or the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 30 or less. If the Court departs upward or downward from the guideline range, the party opposing the departure has the right to appeal the departure. Otherwise than stated herein, in exchange for the defendant's waiver, the United States waives its right to appeal. In the event that there would be an appeal, each party reserves the right to argue in support of the sentence.

On June 24, 2004, the petitioner entered his plea in open court. Petitioner was 35 years old and a high school graduate. (Plea transcript p. 4) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 11) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 12) The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 12-13) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 13-20)  During the plea hearing, the Government presented the testimony of Special Agent Robert L. Manchas of the United States Drug Enforcement Agency to establish a factual basis for the plea. (Id. at 20-24). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 32 of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 24-25) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 25) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 26)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 32 were established beyond a reasonable doubt. (Id. at 26) The petitioner did not object to the Court's finding.

On September 13, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 70 months imprisonment.

**B.** **Appeal**

Petitioner did not file an appeal of his conviction or sentence.

**C.** **Federal Habeas Corpus**

On September 8, 2005, petitioner initiated this case under § 2255. In the petition, and the brief in support, petitioner asserts the following grounds for relief:

(1) counsel was ineffective for failing to appeal petitioner's amended sentence;

(2) counsel was ineffective for not objecting to the unconstitutional 2 point enhancement for the gun; and

(3) counsel was ineffective for not objecting to the mandatory enhancements that per

Apprendi/Blakely were arguably unconstitutional.

In its response to the motion, the respondent asserts that petitioner's § 2255 motion should be denied because:

(1) the defendant was satisfied with the representations of his counsel according to the plea hearing;

(2) the defendant provided no indication that an appeal was requested on his behalf;

(3) the defendant provided no claim contained within the § 2255 motion that would have permitted an appeal to be filed on his behalf;

(4) the defendant knowingly and voluntarily entered into a plea agreement which included a 2 level enhancement for the possession of a firearm;

(5) the defendant knowingly and voluntarily waived his appellate rights, absent an upward departure, therefore he cannot collaterally attack his sentence; and

(6) neither *Booker* or *Blakely* provide relief to the defendant, nor do wither of the decisions apply retroactively to this case.

**D.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions.

## III. ANALYSIS

**A.      Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights.

5

Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.")

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a

> claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995), also supports such distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not related directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

Accordingly, I recommend this petition be denied on all grounds except the allegation of failure to file notice of appeal hereinafter addressed.

**B.     Failure to File Notice of Appeal**

In ground one, petitioner asserts that counsel was ineffective for failing to file an appeal of his amended sentence. The Fourth Circuit Court of Appeals has held that "a criminal defense

8

attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In rendering this decision, the Court opined:

> Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S.738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

Further, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, at 478.

In this case, petitioner asserts that he tried to appeal the errors made at his re-sentencing, but that counsel failed to respond to his requests. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. Although the government did not specifically address this issue in its response to the petition, the government did generally assert that petitioner's ineffective assistance of counsel claims were without merit because there is no evidence in the record to show that petitioner ever made such a request. However, the government was not privy to the confidential exchanges that took place between the petitioner and his attorney. Moreover, the government has failed to provide any information from the petitioner's attorney regarding what instructions, if any, he received regarding an appeal.

Accordingly, because the petitioner's motion and the Government's response do not conclusively establish that petitioner is entitled to no relief, I find that an evidentiary hearing is necessary to determine whether petitioner requested his attorney file an appeal and whether counsel ignored or refused such instructions. See 28 U.S.C. § 2255 (providing in pertinent part that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); see also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

An evidentiary hearing, solely on the issue of whether petitioner instructed his counsel to file an appeal shall be held July 24, 2007, at 10:00 a.m. in the United States Magistrate Judge Courtroom, Room 433, 4th Floor, U.S. Courthouse, Wheeling, West Virginia.

Petitioner shall appear by telephone from his place of incarceration. Any other party, counsel or witness who resides or whose principal office is more than 40 miles from the Wheeling point of court may appear by telephone.

Brendan S. Leary, Esq. is appointed to represent petitioner at the evidentiary hearing solely for the purpose of determining whether petitioner instructed his counsel to file an appeal.

### IV. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable. The Clerk is also directed to mail a copy of the Report and Recommendation to Brendan S. Leary, Esq.

DATED: June 12, 2007

       /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE